**MERCER, Plaintiff-Appellant, v THE OHIO FUEL GAS CO, ET, Defendants-Appellees.**

Ohio Appeals, Second District, Madison County.

No. 160.  Decided October 17th, 1947.

H. H. Crabbe, London, O., for plaintiff-appellant.

Wiles & Doucher, Columbus, for defendant-appellee, The Ohio Fuel Gas Co.

Vorys, Sater, Seymour & Pease, Byron E. Ford, of Counsel, Columbus, and Frank Murray, London, O., for defendant-appellee, R. H. Smith.

## OPINION

By THE COURT

This is an appeal on questions of law from the Court of Common Pleas of Madison County, Ohio. The record discloses that The Ohio Fuel Gas Company, one of the defendants, is a

public utility owning and maintaining a gas pipe line through the farm occupied and leased by this plaintiff. In August, 1944, the defendant Gas Company was making certain repairs and improvements to its pipe line through the plaintiff's farm. Said improvements consisted of taking up old pipe and laying new. The operation with reference to the new pipe consisted of brushing and cleaning the same, coating it with a thin coating of paint, welding the joints together, coating with a layer of enamel and relaying the same underground. The enamel used in coating this pipe was a coal tar preparation which came in metal drums. The contents were chopped into pieces with an ax, melted in tar kettles and while hot applied to the pipe. This pipe line extended through a lot in which the plaintiff kept his hogs and the coal tar was chopped from the drums, melted and applied to the pipe in this lot. In chopping the tar from the drums pieces were strewn on the ground, and the plaintiff's hogs ate it. The defendant, the Ohio Fuel Gas Company, furnished the pipe, the coal tar, the primar, and delivered said materials upon the premises. In addition it did the welding and furnished an inspector to see that the work was properly performed. The defendant, R. H. Smith, entered into a written contract with The Ohio Fuel Gas Company to perform all the work necessary for the removal and replacement of the said pipe line.

At the close of all the evidence the Court instructed the jury to return a verdict for the defendant, The Ohio Fuel Gas Company for the reason that there was no evidence establishing that it was liable for the negligence, if any, of Ralph M. Smith, an independent contractor. The appellant seems to raise no objection to the conclusion that Ralph H. Smith was an independent contractor, but is urging that even under such circumstances The Ohio Fuel Gas Company would be jointly liable for the alleged injuries, because the work itself was of such a dangerous nature that the Gas Company could not contract against its own negligence. Judge Rankin, the trial judge, in a lengthy and well considered opinion, held that the facts in this case were not such as to constitute an exception to the general rule that an employer is not liable for the negligent acts committed by his independent contractor. This opinion is so extensive and exhaustive that we shall not attempt to enlarge upon it, but will say that we are in full agreement with the judgment entered below. We are of the opinion that the trial court properly dismissed The Ohio Fuel Gas Company as a party defendant.

As to the other defendant, R. H. Smith, the record dis-

closes that he was not served with process in Madison County, but that summons was served upon him in Pickaway County. The cause of action arose in Madison County and it was there that the Ohio Fuel Gas Company was served. The trial court held that since there was no joint liability established the action was not properly brought against the defendant R. H. Smith in Madison County, and upon motion his case also was dismissed. This action of the Court is supported by several decisions of our Supreme Court. The leading case on the subject is **Stark County Agricultural Society v Brenner, 122 Oh St 560.** Syllabus 5:

"In order to give the Court of Common Pleas jurisdiction over joint defendants who are non-residents of the county where suit is brought, and for whom summons has been issued to the county of their residence, the averments of the petition and the proof on the trial must establish a valid joint cause of action against a resident defendant and against such non-resident defendants."

See also **Gorey v Black, 100 Oh St 73.**

We are, therefore, of the opinion that the action was not properly brought against the defendant R. H. Smith and the Court acquired no jurisdiction over his person. The Court was correct in dismissing him also as a party defendant.

We find no error in the admission and rejection of evidence, also no other error upon the face of the record, and the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

By HORNBECK, J., concurring.

I concur in the judgment because the proof against the defendant, The Ohio Fuel Gas Company, failed in two of the essentials of the case, as pleaded. First, that the enamel which was put on the pipe as a second coat was, in whole or in part, a coal tar product. Second, that it was poisonous to hogs. Without the second of these elements of proof no possible case could be made against the Gas Company in view of its contractual relation as independent contractor with defendant, Smith.

The testimony of Dr. Trehearne, if it had been admitted and it had appeared that his answer to the question which was

held to be objectionable would have been in the affirmative, would not supply the basic deficiency in the proof adduced by the plaintiff.